JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

12-4703

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LIBERTY MEDIA HOLDINGS, LLC

**DEFENDANTS**

JOHN DOES 1-265

12 4703

### (b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

SAN DIEGO, CA

County of Residence of First Listed Defendant UNKNOWN

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

### (c) Attorneys *(Firm Name, Address, and Telephone Number)*

MULVIHILL + RUSHIE
2424 E. YORK ST SUITE 716
PHILADELPHIA PA 19125

Attorneys *(If Known)* CHARLES THOMAS
117 W. GAY ST SUITE 716
WEST CHESTER PA 19380

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ⊗ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ⊗ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE 8/17/12

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AUG 17 2012

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**12    4703**

Address of Plaintiff: 302 Washington St #321, San Diego, CA 92103

Address of Defendant: UNKNOWN

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) COPYRIGHT

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
Attorney-at-Law                Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.     AUG 17 2012

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/17/12     _____     89781
Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

LIBERTY MEDIA HOLDINGS, LLC

:       CIVIL ACTION

v.

JOHN DOGS 1-265

:
:
:
:

NO. **12  4703**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

8/17/12
**Date**

877-397-3003
**Telephone**

CHARLES THOMAS
**Attorney-at-law**

877-397-3003
**FAX Number**

JOHN DOE 69.181.54.185
**Attorney for**

CT@THOMASTRIALS.COM
**E-Mail Address**

(Civ. 660) 10/02

AUG 1 7 2012

$350

**ER**  IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY MEDIA HOLDINGS, LLC,
Plaintiff

v.

JOHN DOES 1- 265
DefendantS

Civil Action No. _____ **12     4703**

## PETITION FOR REMOVAL

COMES NOW, John Doe associated with IP address 69.181.54.185 ("Doe"), by and through counsel, and files this Petition for Removal pursuant to the provisions of 28 U.S.C. §§ 1441 et seq., showing the Court as follows:

1.  This action was commenced by Plaintiff in the Court of Common Pleas of Philadelphia, Pennsylvania. The suit is captioned as *Liberty Media Holdings, LLC v. John Does 1 - 441*, C.P. Phila., April, 2012 Term, No. 1874.

2.  This action commenced by the filing of a Writ of Summons. (A true and correct copy of Plaintiff's Writ of Summons is attached hereto as Exhibit A).

3.  The earliest knowledge and first notice of Plaintiff's Writ of Summons by Defendant was July 30, 2012, when Defendant received a notice of from Comcast Cable Communcations, LLC ("Comcast") that Plaintiff had subpoenaed Comcast for Doe's identifying information.

4.  Simultaneous to the Writ of Summons, Plaintiff filed a Motion for Pre-Complaint Discovery, attached hereto as Exhibit B, pursuant to Pa.R.C.P. 4003.8, which authorizes Pennsylvania state courts to grant discovery prior to the filing of a complaint when "the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable

1

annoyance, embarrassment, oppression, burden or expense to any person or party." See Pa.R.C.P. 4003.8.

5. The state court authorized pre-complaint discovery was not directed at any of the John Doe Defendants, but was rather directed at Comcast in the form of mass subpoenas, directing Comcast to produce the names and addresses of persons associated with the IP addresses in question.

6. It would seem that the only known connection to Pennsylvania in this case is that Comcast is headquartered within the jurisdiction, not necessarily any of the John Doe Defendants.

7. Comcast moved to quash in the state court, which motions were denied, and it was only after all motions were denied that Comcast informed the persons identified that an action had been filed.

8. In effect, Plaintiff has transformed Pennsylvania's pre-complaint discovery procedure from what has heretofore been narrowly used to discover the scope of claims against known persons within Pennsylvania into a dragnet, trolling wherever a non-party with arguable information could be found, even though it is highly likely that many of the actual party John Doe Defendants reside outside the jurisdiction.

9. Furthermore, review of the Motion for Pre-Complaint Discovery and subsequent filings, however, make clear that the Plaintiff commenced the state court action as a means to pursue copyright remedies, as the allegations made in the motions and the arguments advanced clearly relate to alleged illegal downloading and file-sharing of protected works.

10. Pursuant to 28 U.S.C. §1338, copyright jurisdiction lies exclusively in the

Federal courts, and specifically states "...[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

11. Furthermore, Congress has specifically declared that all state common law or statutory copyright or copyright equivalent claims are preempted by Federal law. 17 U.S.C. §301(a).

12. As Defendant Doe is aware that based on all available information the case lies within the exclusive jurisdiction of this Court, and that less than 30 days have elapsed since Defendant Doe became aware of the existence of this action, removal pre-complaint is appropriate under *Foster v. Mutual Fire, Marine, & Inland Ins. Co.*, 986 F.2d 48 (3d Cir. 1993).

13. Plaintiff stated in his complaint that Liberty Media Holdings, LLC ("Liberty") is a California limited liability company; according to information obtained via the California Secretary of State, petitioning Defendant Doe believes that Liberty's principal place of business is 302 Washington Street, #321, San Diego, CA 92103.

14. Pursuant to 28 U.S.C. §1441(b)(1), citizenship of "citizenship of defendants sued under fictitious names shall be disregarded"; therefore, full diversity of citizenship exists.

15. This Court, therefore, has jurisdiction under 28 U.S.C. §1338, 28 U.S.C. §1332, and 17 U.S.C. §301(a).

16. This matter is one that may be removed to this Court by Petitioner/Defendant pursuant to the provisions of 28 U.S.C. § 1441 and 1441(b).

WHEREFORE, Petitioner John Doe associated with IP address 69.181.54.185,

3

the named Defendant in the action described herein above which is currently

pending in the Court of Common Pleas of Philadelphia, Pennsylvania, April,

2012 Term, No. 1874, pray that this matter be removed to this Court.


Submitted this 17th day of August, 2012.



Respectfully submitted,

Charles Thomas, Jr.
Attorney for Defendant
117 W. Gay Street
Suite 316
West Chester, PA 19380
877-397-3003
ct@ThomasTrials.com
Atty. I.D. No. 89781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY MEDIA HOLDINGS, LLC,
    Plaintiff

    v.

JOHN DOES 1 - 441,
    DefendantS

Civil Action No. _____

CERTIFICATE OF SERVICE

I, Charles Thomas, Jr., Attorney for Defendant, do hereby certify that the following

parties have this day been served with a true and correct copy of this Petition for Removal via

CM/ECF and U.S. Mail.

> A. Jordan Rushie, Esq.
> Attorney for Plaintiff
> Mulvihill & Rushie LLC
> 2424 East York Street
> Suite 316
> Philadelphia, PA 19125
>
> Corey Osborn, Esq.
> Attorney for non-party movant Comcast
> Tucker Law Group
> One Penn Center at Suburban Station
> 1617 John F. Kennedy Blvd.
> Suite 1700
> Philadelphia, PA 19103

Respectfully submitted,

8/17/12
_____
Date

_____
Charles Thomas, Jr.
Attorney for Defendant
117 W. Gay Street
Suite 316
West Chester, PA 19380
877-397-3003
ct@ThomasTrials.com
Atty. I.D. No. 89781

5