discovery, explained in *McNeil v. Jordan* and later codified in Rule 4003.8, and grant its request to pre-complaint discovery.

### 4.2. This Request is Made with the Intent of Vindicating Plaintiff's Rights to its Content. Once a Subpoena is Issued, the Internet Service Provider with Promptly Comply with the Subpoena. It Will Not Cause Unreasonable Embarrassment or Expense to Any Party.

Plaintiff's request for pre-complaint discovery is proper under Pa.R.Civ.P. 4003.8.

Rule 4003.8(a) requires that when a plaintiff seeks pre-complaint discovery, that discovery must not cause unreasonable annoyance, embarrassment, oppression, burden, or expense to any person or party. Plaintiff's pre-complaint will cause one of this.

In this case, plaintiff plainly admits that defendants, once identified, may be annoyed or embarrassed because they have been caught illegally downloading adult films. But this annoyance or embarrassment is not "unreasonable" by any means — and no more annoying or embarrassing than being named a defendant in any other lawsuit.

Additionally, there will be no unreasonable expense, oppression, or burden to any party should this court grant plaintiff's request for pre-complaint discovery. Comcast, as an ISP, has subscribers' information stored electronically. This information is easily accessible with only a few minutes' investment. It will be electronically transmitted to plaintiff with virtually no burden or expense to Comcast

Therefore, because plaintiff's request for pre-complaint discovery is within the scope contemplated by Pa.R.Civ.P. 4008.3(a), this Court should grant the request and allow plaintiff to take pre-complaint discovery.

Case ID: 120401874
Control No.: 12042085

**4.3. Defendants will not be Steamrolled or Surprised by this Action. Under the Cable TV Privacy Act of 1984, 47 USC § 551, a Cable Provider that Provides Identifying Information Regarding a Customer Must First Provide Notice to the Subscriber Before it Discloses any such Information. This Includes the Internet Service Providers Contemplated Here. Additionally, the Cable TV Privacy Act Provides Sufficient Time to Allow a Party to Object to a Subpoena, and Plaintiff Therefore requests that this Court not Require it to Comply with the Strict Requirements of Pa.R.Civ.P. 4009.21.**

Plaintiff's request for pre-complaint discovery will comply with all notice requirements under the Pennsylvania Rules regarding third party subpoenas.

Under Pa.R.Civ.P 4009.21(a), "a plaintiff seeking production from a person not a party to [an] action shall provide written notice to every other party of the intern to serve a subpoena at least twenty days before the date of service." This notice serves to allow a party to object to the filing of the subpoena under Rules 4009.21 and 4009.24(b). Peculiar in this case is that plaintiff does not yet know defendants' identities, that it may provide notice to the defendants of this subpoena. While this at first presents a quandary to the plaintiff seeking pre-complaint discovery in this matter, this riddle can be quickly solved by looking to the Cable TV Privacy Act's own notice requirements.

Under the Cable TV Privacy Act of 1984, 47 USC §551, cable operators are prohibited from disclosing personally identifiable information concerning subscribers — unless the subscriber gives prior written or electronic consent or a court orders that the information be provided. Many internet service providers, including Comcast, are also cable operators.

Liberty Media Holdings LLC v. John Does 1-441
*Plaintiff's Memorandum f Law in Support of its Motion for Leave to Take Pre-Complaint Discovery Under Pa.R.Civ.P. 4003.8*

In this case, once plaintiff serves pre-complaint discovery upon Comcast, Comcast must then notify all defendants of the subpoena before it turns over any identifying information to the plaintiff.

Because the Cable TV Privacy Act requires an ISP to provide notice of any subpoena regarding a subscriber's identity to the subscriber before it turns over any identifying information, plaintiff believes that Rule 4009.21's written notice requirement would be satisfied by any subpoena issued under the Act.

Plaintiff envisions the process as follows:

- First, plaintiff will serve a subpoena upon Comcast.
- Comcast will then provide notice of the subpoena to its subscribers.
- Comcast will not release any identifying information about its subscribers until the 20 day period mandated by Rule 4009.21 has passed. This will allow the subscribers sufficient time to object to the subpoena under the relevant Pennsylvania Rule.
- After the 20 day period mandated by Rule 4009.21 has elapsed, assuming no objection from John Doe defendants, Comcast will turn over the IP addresses to plaintiff.

This process keeps within the spirit of the Pennsylvania Rule while addressing a situation that Rule 4009.21 does not contemplate.

To ensure compliance with the guidelines established by the Cable TV Privacy Act, plaintiff requests that the Court order state clearly

Case ID: 120401874
Control No.: 12042085

that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements.[6]

Though plaintiff does not yet know Doe defendants' identities, and therefore cannot provide notice under the exact method contemplated by Pa.R.Civ.P 4009.24, the notice provisions of the Cable TV Privacy Act alleviate any concerns regarding proper notice of the third party subpoena to the Doe defendants. Therefore, this Court should grant plaintiff's pre-complaint discovery request to file a third-party subpoena upon Comcast to disclose the identities of Doe defendants 1-441.

### 4.4. This Action is Not Precluded by Federal Copyright Law.

Finally, state court is proper for this action because plaintiff will not be proceeding under any theories under the Copyright Act, 17 USC §§ 101 et seq. Rather, plaintiff will proceed under theories of conversion and unjust enrichment.

Though this legal distinction has not yet been decided in Pennsylvania, other courts, considering similar cases, determined that state conversion and unjust enrichment claims are not preempted by the Copyright Act.[7]

In this case, those who have illegally downloaded and shared plaintiff's material have converted it and have been unjustly enriched by the enjoyment they have received from plaintiff's films. This enjoy-

---

[6] See 47 USC §551; see also *Fonovisa, Inc. v. Does 1-9*, Case No. 07-1515 2008 U.S. Dist. LEXIS 27170 at * 21-25 (W.D. Pa. Apr. 3, 2008) (discussing the Cable TV Privacy Act in the circumstances of a Doe defendant's motion to quash a subpoena in federal litigation. The Court denied Doe defendant's motion).

[7] See e.g., *Salestrac America LLC v. Zyskowski*, 635 F.Supp 2d 1178, 1184 (Dist Court D. Nevada 2009), and *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896 (9th Cir.1992) (distinguishing claims for conversion and unjust enrichment from Copyright Act claims).

Case ID: 120401874
Control No.: 12042085

ment would otherwise be reflected by a film's sales price, which is normally paid by law-abiding customers.

Therefore, because this state action will not be precluded by the Copyright Act, plaintiff asks this court to allow it to proceed and grant its motion for leave to take pre-complaint discovery.

✢ ✢ ✢

### 5. Relief.

WHEREFORE, because the pre-complaint discovery is necessary to file a sufficient complaint in this action, and because it does not run contrary to any rule or law, plaintiff Liberty Media Holdings, LLC, requests that this Court grant its Motion for Leave to take Pre-Complaint Discovery and enter the proposed order that accompanies this Motion.

RESPECTFULLY SUBMITTED,

A. Jordan Rushie
Jordan@FishtownLaw.com
Pa. Id. 209066
Mulvihill & Rushie LLC
2424 East York Street • Suite 316
Philadelphia, PA 19125
215.385.5291

Case ID: 120401874
Control No.: 12042085